By the Court.
•That the trial court may, and usually should, caution the jury respecting’ the degree of credit *159 they should give to the uncorroborated testimony of an accomplice in a fekmy is not denied; but the prosecuting attorney contends that a woman, under our statute, is not subject to indictment, although she may jointly, with others, engage in procuring upon herself a criminal miscarriage, and, therefore, is not to be regarded as an accomplice in the commission of the offense.
The statute, section 6815, Revised Statutes, under which McCoy was indicted, reads as follows: “Whoever, with intent to procure the miscarriage of any woman, prescribes or administers to her any medicine, drug, or substance whatever, or with like intent uses any instrument, or means whatever, unless such miscarriage is necessary to preserve her life, or is advised by two physicians to be necessary for that purpose, shall, if the woman either miscarries or dies in consequence thereof, be imprisoned. ’ ’ * * *
This statute is not, in terms, directed against the woman upon whom the offense is committed, nor against any other person who may have aided, abetted or procured its commission; its terms include the person, only, who prescribes or administers the medicine, etc., or who uses the instrument. If this was the only statute, neither the woman nor any other person could be indicted, though she or he may have counseled or procured the offense to be committed. The legislature in this instance, however, followed the usual mode adopted in this state for defining an offense, and affixing to it an appropriate penalty. Very few of our statutes that create a specific offense denounce a penalty against persons who may' merely aid, abet, counsel or procure its commission. This class of offenders is embraced by the sweeping *160 provisions of section 6804, Revised Statutes, which, reads : “ Whoever aids, abets, or procures another to commit any offense, may be prosecuted and punished as if he was the principal offender.”
Whenever a. woman voluntarily participates with another person who administers medicine to, or uses an instrument upon her, for the purpose of producing a criminal miscarriage upon herself, she falls within the express provision of the last quoted statute, and is thereby subject to indictment and punishment as an aider, abettor, or procurer of the principal offender, and her evidence, when she testifies in the case, should be regarded as that of an accomplice.

Exceptions overruled.